E-FILED
Friday, 11 February, 2005  02:19:55 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DARREL LEE WILBER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-2037 |
| ANY OFFICER THEREOF, | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE NAMED
DEFENDANTS FROM PLAINTIFF'S COMPLAINT AND TO CAUTION
PLAINTIFF FROM FILING A SUBSEQUENT SIMILAR COMPLAINT**

The United States of America by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Assistant United States Attorney David H. Hoff, requests that this Court dismiss the defendants named as "Any Officer Thereof, Defendants" in this litigation pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction over the United States of America, its agencies and officers and employees.

### Introduction

The pro se plaintiff, without complying with the Fed. R. Civ. P. 4 governing service of complaints involving the United States government, hand delivered to the Office of the United States Attorney in Urbana, Illinois , on February 10, 2005, a copy of the complaint filed in this cause.

The complaint is unintelligible, does not establish a sufficient basis to vest this Court with subject matter jurisdiction over the United States of America and also fails to state a valid cause of action against the United States of America.

For these reasons, explained more fully immediately hereinbelow, the United States Government, its officers, agents and employees should be dismissed as named or implied defendants in this case. The plaintiff also should be cautioned against filing a similar groundless pleading against the federal government in the future.

## Argument

### The United States of America, Its Officers, Employees and Agencies Should Be Dismissed As a Defendant Because The Complaint's Allegations Do Not Vest This Court With Subject Matter Jurisdiction to Consider the Allegations Against the Federal Government

To maintain a viable claim against the United States in federal court, a party must identify both: (1) a statute that confers subject matter jurisdiction on the district court; and (2) a federal law that waives the sovereign immunity to the cause of action. See *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003); *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (failure of plaintiff to meet both requirements mandates dismissal of the claim); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 182,189 (1936). Because federal courts are courts of limited jurisdiction, jurisdiction cannot be presumed, and instead must be affirmatively and positively pled. *Norton v. Larney*, 266 U.S. 511 (1925). The plaintiff's complaint provides no authority for either waiving the government's sovereign immunity or vesting the district court with subject matter

jurisdiction to grant any of his requested relief. Consequently, the defendant United States Government should be dismissed as a party defendant to this complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

On a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving that jurisdiction exists. *See Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999) (stating that the plaintiff has the obligation to establish jurisdiction by competent proof); *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm.*, 149 F.3d 679, 685 (7th Cir. 1998) (stating that on a motion to dismiss under Rule 12(b)(1), the court is not bound to accept the truth of the allegations in the complaint but that the plaintiff has the obligation to establish jurisdiction by competent proof). It is true that courts read complaints liberally and "accept as true the well pleaded allegation of the complaint and the inferences that may be reasonably drawn from those allegations." *Id.*

The Seventh Circuit also has stated with regard to jurisdiction that "the presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Id.* at 856.

The plaintiff's complaint does not meet any of the jurisdictional requirements needed to vest this court with subject matter jurisdiction over the United States of America. Consequently, the United States Government should be dismissed as a named defendant in this litigation.

In addition, this Court's order and judgment in Case No. 04-2238 also is dispositive of this motion.

Wherefore, the United States of America requests that this Court dismiss the United States government, its agencies, officers and employees as a named or implied defendant in this complaint for lack of subject matter jurisdiction.

Respectfully submitted this 11th day of February 2005.

                JAN PAUL MILLER
                United States Attorney


BY:    s/David H. Hoff
        DAVID H. HOFF
        United States Attorney
        201 S. Vine Street, Suite 226
        Urbana, Illinois 61802
        Phone:  217/373-5875
        Fax: 217/373-5891
        david.hoff@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Darrel Lee Wilber
2261 N. 35th Street
Decatur, IL 62526-6709

        s/ David H. Hoff
        DAVID H. HOFF
        United States Attorney
        201 S. Vine Street, Suite 226
        Urbana, Illinois 61802
        Phone: 217/373-5875
        Fax: 217/373-5891
        david.hoff@usdoj.gov